67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NORTH STAR INDUSTRIES, INC., Plaintiff-Appellant,
v.
Robert B. REICH, Defendant-Appellee.
 No. 93-35989.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 11, 1995.
Decided Oct. 2, 1995.
 
 Before: SCHROEDER, REINHARDT, AND FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The question raised by this appeal is whether or not North Star Industries' payment of apprentice wages to seven sheet metal workers on a federal construction project governed by the Davis-Bacon Act was lawful, when the workers were neither certified nor registered as apprentices or as persons eligible for probationary employment as apprentices.
 
 
 3
 The Department of Labor, which is charged with enforcing the Davis-Bacon Act, asserted that North Star violated the act by paying the workers at the apprenticeship wage of $6.41 an hour instead of at the journeymen's wage of $20.06 an hour (including benefits). North Star disputed the Department of Labor's conclusion and appealed, in turn, to an administrative law judge (ALJ), the Wage Appeal Board (WAB), a federal magistrate, and a federal district judge. All upheld the Department's decision.
 
 
 4
 The district court, incorporating the findings of the magistrate, correctly held that the Administrative Procedures Act (APA) governs review of decisions made by the Wage Appeals Board. North Georgia Bldg. & Const. Trades Council Goldschmidt, 621 F.2d 697, 708 (5th Cir.1980). Under the APA, 5 U.S.C. Sec. 706(2)(A), courts must uphold a decision of the Wage Appeal Board unless the decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." This provision means that a court may not substitute its judgment for an agency's expert opinion and must uphold the agency opinion if it is reasonable or rationally based. National Resources Defense Council v. United States Environmental Protection Agency, 966 F.2d 1292, 1297 (9th Cir.1992), citing Chevron, U.S.A. v. National Resources Defense Council, 467 837, 843 (1984). We conclude that the district court properly affirmed the ALJ's decision.
 
 
 5
 North Star Industries was a subcontractor on a federally-funded construction project in Dalles, Oregon. Work on the project was subject to the Davis-Bacon Act, which requires contractors on federal projects to pay workers at least as much as workers receive on similar local projects. The Act and implementing regulations allow contractors to pay certified or registered apprentices a lesser wage, as well as probationary employees who are certified as being eligible for employment as apprentices. The statute carefully prescribes who qualifies for apprentice pay in order to keep unscrupulous contractors from circumventing the wage requirements of the Act.
 
 
 6
 The Secretary of Labor is charged with enforcing the Davis-Bacon Act, 40 U.S.C. 276a et seq. The Secretary has promulgated regulations, under authority granted by Congress, to implement the Act. One of those regulations, 29 C.F.R. 5.5(a)(4)(i), which features prominently in this appeal, reads in pertinent part:
 
 
 7
 (i) Apprentices. Apprentices will be permitted to work at less than the predetermined rate for the work performed when they are employed pursuant to and individually registered in a bona-fide apprenticeship program registered with the U.S. Department of Labor, Employment and Training Administration, Bureau of Apprenticeship and Training, or with a State Apprenticeship Agency recognized by the Bureau, or if a person is employed in his or her first 90 days of probationary employment as an apprentice in such an apprenticeship program, who is not individually certified in the program, but who has been certified by the Bureau of Apprenticeship and Training or a State Apprenticeship Agency (where appropriate) to be eligible for probationary employment as an apprentice ..."
 
 
 8
 That regulation creates three distinct channels for establishing eligibility to be paid as apprentices: 1) individual certification by the U.S. Labor Department's Bureau of Apprenticeship and Training (BAT); 2) individual registration in a bona fide state apprenticeship program registered with BAT; or 3) certification of eligibility by a state apprenticeship agency or BAT if the employee is in his first 90 days of probationary employment as an apprentice. The issue in this case is whether or not the North Star workers were eligible to be paid as apprentices under the third channel. Specifically, the issue is whether they may be paid as apprentices on the ground that they were certified through Oregon's State Apprenticeship Council as eligible for probationary employment as apprentices.
 
 
 9
 The dispute in this case centers around part of the language in the regulation quoted above. The key language reads:
 
 
 10
 ... or if a person is employed in his or her first 90 days of probationary employment as an apprentice in such an apprenticeship program, who is not individually certified in the program, but who has been certified by the Bureau of Apprenticeship and Training or a State Apprenticeship Agency (where appropriate) to be eligible for probationary employment as an apprentice ..." 29 C.F.R. 5.5(a)(4)(i).
 
 
 11
 The ALJ held that North Star did not meet the requirements of 29 C.F.R. 5.5(a)(4)(i). The ALJ held that the phrase, "has been certified," to require certification for eligibility to be made "at or about the time the employee commences his probationary employment." The ALJ further found that the seven employees in question had not been certified for eligibility by the state at or about the time they started working as probationary employees. Thus, the ALJ concluded that the workers were not eligible to work as apprentices and that they must be paid journeymen wages.[1] We hold that the ALJ's conclusion is correct on all points.
 
 
 12
 In finding that the workers were not timely certified by the state, the ALJ and the WAB rejected two arguments offered by North Star below and pressed again here. North Star contends that a letter it received from Oregon's Joint Apprenticeship Committee (JAC)[2] suffices to show the workers were certified as apprentices. Leaving aside for the moment the content of the letter, North Star received the letter nearly one year after the workers began working as apprentices--long after the workers were required to be certified, according to the reading of the regulation we uphold.
 
 
 13
 Moreover, the Committee's letter is of dubious value at best. The letter does not definitively declare that the workers were eligible to be paid as apprentices, let alone declare that they had been certified as apprentices. Rather it says that they were eligible if they pursued the necessary steps. The Committee then offers an "opinion" that the employees were eligible, but explicitly questions its own competence to form any opinion on the subject.[3] Given the questionable reasoning of the letter, the Committee's doubts about the worth of its own opinion, and the letter's direct conflict with the key regulation implementing the Davis-Bacon Act, the ALJ acted within his discretion in giving the Committee's letter little, if any, weight.
 
 
 14
 North Star also argues that the workers were timely certified by the Oregon JAC because the workers were "given" intent to hire documents, documentation given to "all Qualified applicants" by the JAC. The ALJ rejected that argument with more than ample justification. As the ALJ noted, securing an intent to hire document was only one of seven steps required of would-be apprentices under the local JAC's rules. None of the seven workers completed all seven steps. After receiving an intent to hire form, applicants were required to be approved individually and processed by the local JAC. None of the workers in question was. Moreover, under JAC regulations, only workers who pass a special test (the GATB or General Aptitude Test Battery) were to be given an intent to hire document; only one of the workers passed the GATB.[4] Because of a procedural irregularity, however, the workers received blank intent to hire forms, forms that were thus virtually meaningless. Since the workers did not comply with the requisite state regulations, and since the intent to hire letters were issued in blank due to a procedural irregularity, the ALJ acted within his discretion when he rejected this argument.[5]
 
 
 15
 North Star further argues that even if the workers were not certified by the state, North Star should be permitted to pay the workers apprentice wages because the company complied with the spirit, if not the letter, of the requirements. Invoking the court's equitable powers, North Star asks us to create a good faith exception to the requirements of the Davis-Bacon Act. We decline to do so. First, WAB precedent clearly establishes that employers bear the burden of showing that workers are eligible for apprentice wages, Tollefson Plumbing and Heating co., WAB No. 78-17 (Sept. 24, 1979), and thus North Star cannot justifiably claim that it was caught by surprise. Second, the Department of Labor has indeed given North Star credit for its good faith efforts to comply with the requirements of the Davis-Bacon Act by not moving to disqualify the company from future work on government projects. Third, public policy concerns militate against creating a good faith exception, which could easily undermine the Davis-Bacon Act. See also Bronx Park I, Bronx Park II, et al., 26 WH (BNA) 1258, 1260 (WAB 1984) (stating that provisions of Davis-Bacon Act permitting payment of reduced wages to mechanics and laborers must be strictly and narrowly construed to avoid undermining the central purpose of the act).
 
 
 16
 For the above reasons, we conclude that the determination that the employees in question were not eligible for probationary employment is neither arbitrary nor capricious. North Star's payment of apprentice's wages to those employees is in violation of the Act. The order requiring the payment of journeyman's wages is
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The ALJ and WAB's decisions mean that the workers receive a windfall--the higher wages of a journeyman, rather than the lower wages of an apprentice. Although initially surprising, that result is both justified by the statute and necessary in order to prevent unscrupulous contractors from circumventing the Davis-Bacon Act by routinely hiring workers at apprentice wages instead of the higher wages required by the Act
 Despite North Star's protestations, the result is not unfair to North Star. WAB case law clearly establishes that employers bear the burden of showing that workers are eligible to be paid as apprentices. Tollefson Plumbing and Heating Co., WAB No. 78-17 (Sept. 24, 1979).
 
 
 [2]
 The State Apprenticeship Council Approved the Area One Northwest Sheet Metal Workers JAC as a local joint committee. The Department of Labor does not dispute the status of Area One Northwest Sheet Metal Workers JAC as an approved JAC
 
 
 [3]
 The Dec. 21, 1988 letter reads in its entirety:
 This letter is in regard to the request made of the Area 1 Northwest Sheet Metal Workers JAC [Joint Apprenticeship Committee] at their meeting December 14, 1988.
 A list of names was submitted to the committee for review. In all cases a Declaration of Interest/Apprenticeship Application was completed and signed by the applicant. Had the individual pursued the steps necessary to meet the minimum requirements, he/she would have been eligible for indenture to the JAC.
 Based on the above circumstances, it is the OPINION of this committee that the listed applicants were eligible for probationary employment as an apprentice.
 However, the committee entertained a question of its own: Is a committee, populated by Sheet Metal tradesmen not versed in the law nor specific government regulations, the best source for this opinion?
 
 
 [4]
 Under special circumstances, workers who failed the GATB could secure an intent to hire document, but the workers in this case did not qualify for that exception either
 
 
 [5]
 Seizing on the words "where appropriate," North Star also argues that its workers did not even have to be certified by the state to be eligible for payment as apprentices. The key language, from 29 C.F.R. 5.5(a)(4)(i), reads: "who has been certified by the Bureau of Apprenticeship and Training or a State Apprenticeship Agency (where appropriate ) to be eligible for probationary employment as an apprentice ..." North Star argues that the words "where appropriate" mean that certification is not always necessary. That strained reading threatens to undermine the Davis-Bacon Act by creating a formless, unmanageable, and unenforceable standard for qualification as apprentices. A much more natural reading is to hold that "where appropriate" means that states should only certify workers as apprentices who meet eligibility requirements. The decision by the ALJ and WAB to reject North Star's strained reading of the regulation is eminently reasonable